IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| **JUAN CARLOS MENA GAITAN, et al.,** | * | |
| | * | |
| | * | |
| **Plaintiffs,** | * | |
| | * | **Civil Action No.: CBD-16-0303** |
| **v.** | * | |
| | * | |
| **AHMED AHMED, et al.,** | * | |
| | * | |
| **Defendants.** | * | |
| | * | |
| | * | |
| | ***** | |

## MEMORANDUM OPINION

Before this Court is the parties' Joint Motion for Approval of Settlement (the "Motion")
(ECF No. 16). The Court has reviewed the Motion, related memoranda, and applicable law. No
hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons presented below,
the Court does not approve the Settlement Agreement the parties executed as to all claims,
including Plaintiffs' claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201.

I.      **Factual Background**

Plaintiffs Juan Carlos Mena Gaitan and Jorge L. Garcia Castillo ("Plaintiffs") worked for
Ahmed Ahmed d/b/a POS Construction and Ahmed Ahmed ("Defendants") as laborers. Compl.
3. Plaintiffs allege that they worked hours in excess of forty (40) hours per week, yet they were
not paid overtime wages. *Id*. Specifically, Plaintiffs allege that they worked for approximately
fifty-eight (58) hours per week and they were not paid overtime wages. *Id*. Plaintiffs claim that
they are each owed $18,153.00 in unpaid wages. *Id*.

On February 3, 2016, Plaintiffs filed a complaint against Defendants alleging that Defendants violated the FLSA, the Maryland Wage Payment and Collection Law ("MWPCL"), the Maryland Wage & Hour Law ("MWHL").  Compl. 1.  Defendants argue that they were never Plaintiffs' "employer" or "employers" as defined under the FLSA, MWPCL, MWHL, or any other statute.  Def.'s Answer 3.  In addition, Defendants argue that they are not proper parties to this action and that Plaintiffs were paid all wages they were entitled to by the sub-contractors of POS Construction, who were their employers.  *Id*.

On May 18, 2016, the parties participated in a settlement conference before this Court. Mot. 6.  On June 13, 2016, the parties reached a resolution and executed the Settlement Agreement.  *See* ECF No. 16-2.  On June 14, 2016, the parties filed the Motion seeking approval of the Settlement Agreement.  Mot. 11.  Under the Settlement Agreement, Plaintiffs agree to settle all claims and dismiss this case with prejudice in exchange for a payment of $20,477.20, which is allocated as follows: (1) $3,250.00 to Juan Carlos Mena Gaitan as a payment for alleged wages due; (2) $3,250.00 to Juan Carlos Mena Gaitan as a payment for alleged liquidated damages; (3) $3,250.00 to Jorge L. Garcia Castillo as a payment for alleged wages due; (4) $3,250.00 to Jorge L. Garcia Castillo as a payment for alleged liquidated damages; and (5) $7,472.20 to "Stein Sperling Bennett De Jong Driscoll PC" to account for $7,000.00 in attorney's fees and $472.20 in costs.  Mot. 7.

## II.    Analysis

Under the FLSA, Congress seeks to protect workers from the poor wages and long hours that can result from significant inequalities in bargaining power between employers and employees.  *See Saman v. LBDP, Inc.*, No. DKC-12-1083, 2013 WL 2949047, at *2 (D. Md.

June 13, 2013) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)).  FLSA

provisions are mandatory and generally are not subject to bargaining, waiver, or modification by

contract or settlement.  *Id.*; *Brooklyn*, 324 U.S. at 706.  Court-approved settlement is an

exception to that rule, "provided that the settlement reflects a 'reasonable compromise of

disputed issues' rather than 'a mere waiver of statutory rights brought about by an employer's

overreaching.'"  *Saman*, 2013 WL 2949047, at *2 (quoting *Lynn's Food Stores, Inc. v. United

States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).  The Fourth Circuit has not directly addressed the

factors to be considered when deciding motions for approval of FLSA settlements.  *See id.* at *3

(citations omitted).  However, district courts in this circuit typically follow the Eleventh Circuit's

analysis in *Lynn's Food Stores*.  *Id.*  The settlement must "reflect[] a fair and reasonable

resolution of a *bona fide* dispute over FLSA provisions."  *Id.* (citations omitted).  In this respect,

the Court considers (1) whether there are FLSA issues actually in dispute, (2) the fairness and

reasonableness of the settlement in light of the relevant factors from Rule 23, and (3) the

reasonableness of the attorney's fees, if included in the agreement.  *Riveros v. WWK

Construction, Inc.*, No. PJM 15-193, 2015 WL 5897749, at *2 (D. Md. Oct. 5, 2015) (citations

omitted).

### A.  *Bona Fide* Dispute

In deciding whether a *bona fide* dispute exists as to a defendant's liability under the

FLSA, courts examine the pleadings in the case, along with the representations and recitals in the

proposed settlement agreement.  *See Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 08-1310,

2009 WL 3094955, at *16-17 (E.D. Va. Sept. 28, 2009).  Furthermore, a *bona fide* dispute exists

when an employee makes a claim that he or she is entitled to overtime payment.  *Id.*

After a review of the pleadings and the terms of the Settlement Agreement, the Court

finds that a *bona fide* dispute exists in this case.  Under the FLSA, "no employer shall employ

any of his employees . . . for a workweek longer than forty hours unless such employee receives

compensation for his employment in excess of the hours above specified at a rate not less than

one and one-half times the regular rate at which he is employed."  29 U.S.C. § 207(a)(2)(C).  If

an employer violates Section 207, he is liable for unpaid overtime and an equal amount of

liquidated damages.  29 U.S.C. § 216.  In this case, Plaintiffs allege that Defendants failed to pay

them overtime wages as required under the FLSA.  Mot. 5.  In response, Defendants argue that

Plaintiffs were not Defendants' employees and were not owed overtime wages under the FLSA,

MWHL, and/or MWPCL.  *Id.*  Defendants also dispute the number of days and hours that

Plaintiffs claim to have worked and the wages they allege they are owed.  *Id.*  Pursuant to the

holding in *Lomascolo*, a *bona fide* dispute exists as to Defendants' liability under the FLSA.  *See*

*Lomascolo*, 2009 WL 3094955, at *16.

**B.  Fairness and Reasonableness of the Settlement Agreement**

If a *bona fide* dispute exists, courts evaluate the fairness and reasonableness of the

settlement using the following factors:

> "(1) the extent of discovery that has taken place; (2) the stage of the
> proceedings, including the complexity, expense and likely duration of the
> litigation; (3) the absence of fraud or collusion in the settlement; (4) the
> experience of counsel who have represented the plaintiffs; (5) the opinions of []
> counsel . . . ; and (6) the probability of plaintiffs' success on the merits and the
> amount of the settlement in relation to the potential recovery."

*Saman*, 2013 WL 2949047, at *3 (quoting *Lomascolo*, 2009 WL 3094955, at *10).

After reviewing the factors set forth in *Saman*, the Court concludes that the Settlement

Agreement in this case is a fair and reasonable compromise of the parties' *bona fide* dispute.

With regard to the status of discovery, the parties exchanged documentation and information and

discussed the pay and time records of POS Constructions, Inc.'s sub-contractors related to

Plaintiffs' work and compensation in "great detail." Mot. 9.  The Court finds that sufficient

information and documentation has been exchanged for the parties to become familiar with the

merits of their case.  Although the Court does not find this case to be particularly complex,

further litigation would likely consume substantial resources and time.  There is no evidence that

the Settlement Agreement is the product of fraud or collusion.  "There is a presumption that no

fraud or collusion occurred between counsel, in the absence of any evidence to the contrary."

*Lomascolo*, 2009 WL 3094955, at *12.  The Settlement Agreement was the result of "hours of

arm's length negotiation, information exchange and a review of governing precedent," as well as

a settlement conference.  Mot. 9.  At all times, the parties were represented by well-prepared

counsel, who sought to protect their rights.  Analysis of the fifth factor shows that counsel is of

the opinion that the Settlement Agreement "represents a fair and reasonable compromise" of the

disputes between the parties.  Mot. 10.

As to the sixth factor, under which the Court must consider the relationship between the

settlement amount and Plaintiffs' potential recovery, the Court finds that this factor weighs in

favor of finding that the Settlement Agreement is fair and reasonable.  Under the Settlement

Agreement, $13,000 would be paid to Plaintiffs, and $7,472.20 to Plaintiffs' counsel

representing attorney's fees and costs.  Mot. 7.  Plaintiffs alleged in the Complaint that they are

collectively owed $36,306 in unpaid overtime wages.  Compl. 3.  The settlement sum of $13,000

represents approximately 36% of Plaintiffs' FLSA claim.  The Court acknowledges that $13,000

is significantly less than the amount of damages Plaintiffs could receive if after a trial,

Defendants were found in violation of the FLSA.  However, if this case proceeded to trial,

Plaintiffs had to overcome challenges to their FLSA claim such as: whether Plaintiffs did in fact

work over forty (40) hours per week, and whether Plaintiffs were in fact employed by Defendants during the statutory period.  In this case, the Court finds that the $13,000 settlement amount is reasonable under the circumstances.  *See Hernandez v. La Flor De Mayo Bakery, Inc.*, No. CBD-15-1430, 2016 WL 25886 at *3 (D. Md. Jan. 4, 2016) (where the court compared the settlement amount and the potential recovery and concluded that the plaintiff's receipt of 39% of his claims was a reasonable settlement).  Ultimately, after weighing the factors, the Court finds that the Settlement Agreement is fair and reasonable.

### C.  Attorney's Fees and Costs

"Where a proposed settlement of FLSA claims includes a provision regarding attorney's fees, the reasonableness of the award must also 'be independently assessed, regardless of whether there is any suggestion that a conflict of interest taints the amount the wronged employee recovers under a settlement agreement.'"  *Saman*, 2013 WL 2949047, at *3 (quoting *Lane v. Ko-Me, LLC*, No. 10-2261, 2011 WL 3880427, at *3 (D. Md. Aug. 31, 2011)).  "In making that assessment, courts typically use the principles of the traditional lodestar method as a guide."  *Lane*, 2011 WL 3880427, at *3 (citation omitted).  The lodestar amount is the reasonable hourly rate multiplied by hours reasonably expended.  *See Riveros*, 2015 WL 5897749, at *4.  "An hourly rate is reasonable if it is 'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'"  *Id.* (citation omitted).  The federal court in Maryland uses Appendix B to the Local Rules as a reference to the rates "that are presumptively reasonable for lodestar calculations."  *Id.* "Plaintiffs should also provide all documentation necessary for the Court to make a lodestar determination as to the hours reasonably expended, including but not limited to declarations establishing the hours expended by counsel, broken down for each task."  *Id.*

In assessing reasonableness, the Fourth Circuit has instructed district courts to also consider certain factors, including:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Saman*, 2013 WL 2949047, at \*6-7 (citing *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n. 28 (4th Cir. 1978)).

The Court finds that Plaintiffs' counsel has not carried their burden of proving that the attorney's fees requested are reasonable.  Under the Settlement Agreement, Plaintiffs' counsel would receive $7,472.20 out of which $7,000.00 represents attorney's fees and $472.20 represents costs incurred.  Plaintiffs' counsel failed to provide an affidavit in support of the representations made in Exhibit B of the Motion regarding the hourly rates that each attorney charged in this case, and the hours employed in the case.  *See Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir.1990) ("In addition to the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award.").  Without this documentation, the Court cannot make a proper lodestar evaluation under Appendix B to the Local Rules The Court also finds that Plaintiffs' counsel did not submit any evidence of the prevailing market rates within the relevant legal community for the type of work they completed.  *Id*.  Without this documentation, the Court cannot make a proper lodestar evaluation under Appendix B to the Local Rules.

Therefore, the Court finds that the attorney's fee award in the Settlement Agreement is unreasonable.

**III.     Conclusion**

For the foregoing reasons, the Court **DENIES** the Motion without prejudice.  Counsel is permitted to submit supplemental documentation within (14) days of this Order.  Specifically, counsel is permitted to submit information regarding the reasonableness of the attorney's fees requested.


July 7, 2016                                                    _____/s/_____
                                                               Charles B. Day
                                                               United States Magistrate Judge


CBD/yv/jg

8