IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| **JUAN CARLOS MENA GAITAN, et al.,** | * * * | |
| **Plaintiffs,** | * * | |
| v. | * * | Civil Action No.: CBD-16-0303 |
| **AHMED AHMED, et al.,** | * * | |
| **Defendants.** | * * * * | |
| | ***** | |

## MEMORANDUM OPINION

Before this Court is the parties Supplement to Joint Motion for Approval of Settlement (the "Supplemental Memorandum") (ECF No. 19). The Court has reviewed the Supplemental Memorandum, related memoranda, and applicable law. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons presented below, the Court approves the Settlement Agreement the parties executed as to all claims, including Plaintiffs' claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201.

**I.    Background[1]**

On May 18, 2016, the parties participated in a settlement conference before this Court. ECF No. 16, 6. On June 13, 2016, the parties reached a resolution and executed the Settlement Agreement. ECF No. 16-2. On June 14, 2016, the parties filed a Joint Motion seeking approval of the Settlement Agreement. ECF No. 16, 11. Under the Settlement Agreement, Plaintiffs agree to settle all claims and dismiss this case with prejudice in exchange for a payment of

---

[1] A complete factual background can be found in the Court's Memorandum Opinion issued on July 7, 2016 (ECF No. 17).

1

$20,477.20, which is allocated as follows: (1) $3,250.00 to Plaintiff Juan Carlos Mena Gaitan as a payment for alleged wages due; (2) $3,250.00 to Plaintiff Juan Carlos Mena Gaitan as a payment for alleged liquidated damages; (3) $3,250.00 to Plaintiff Jorge L. Garcia Castillo as a payment for alleged wages due; (4) $3,250.00 to Plaintiff Jorge L. Garcia Castillo as a payment for alleged liquidated damages; and (5) $7,472.20 to "Stein Sperling Bennett De Jong Driscoll PC" to account for $7,000.00 in attorney's fees and $472.20 in costs. ECF No. 16-2, 2-3. On July 7, 2016, the Court issued a Memorandum Opinion (the "Previous Opinion") and Order denying the Joint Motion without prejudice. ECF Nos. 17 and 18. The Court reasoned that Plaintiff's counsel failed to provide sufficient information as to one of the factors the Court must consider: the reasonableness of the attorney's fees requested. ECF No. 17, 7-8. The Court then allowed counsel to file any supplemental documentation within fourteen (14) days of the entry of the Previous Opinion and Order. On July 8, 2016, Plaintiff submitted the Supplemental Memorandum addressing the reasonableness of the attorney's fees requested. In this Memorandum Opinion, the Court will only address this issue since the other factors were analyzed in the Previous Opinion.

    **II.**    **Analysis**

As discussed in the Previous Opinion, when deciding motions for approval of FLSA settlements, district courts in this circuit typically follow the Eleventh Circuit's analysis in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982). *Saman v. LBDP, Inc.*, No. DKC-12-1083, 2013 WL 2949047, at *3 (D. Md. June 13, 2013). The settlement must "reflect[] a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Id.* (citations omitted). In this respect, the Court considers (1) whether there are FLSA issues actually in dispute, (2) the fairness and reasonableness of the settlement in light of

the relevant factors from Rule 23, and (3) the reasonableness of the attorney's fees, if included in the agreement. *Riveros v. WWK Construction, Inc.*, No. PJM 15-193, 2015 WL 5897749, at *2 (D. Md. Oct. 5, 2015) (citations omitted).

### A. *Bona Fide* Dispute

In the Previous Opinion, the Court found that a *bona fide* dispute exists in this case. *See* ECF No. 17, 3-4.

### B. Fairness and Reasonableness of the Settlement Agreement

In the Previous Opinion, the Court found that the Settlement Agreement was fair and reasonable. *See* ECF No. 17, 4-6.

### C. Attorney's Fees and Costs

"Where a proposed settlement of FLSA claims includes a provision regarding attorney's fees, the reasonableness of the award must also 'be independently assessed, regardless of whether there is any suggestion that a conflict of interest taints the amount the wronged employee recovers under a settlement agreement.'" *Saman*, 2013 WL 2949047, at *3 (quoting *Lane v. Ko-Me, LLC*, No. 10-2261, 2011 WL 3880427, at *3 (D. Md. Aug. 31, 2011)). "In making that assessment, courts typically use the principles of the traditional lodestar method as a guide." *Lane*, 2011 WL 3880427, at *3 (citation omitted). The lodestar amount is the reasonable hourly rate multiplied by hours reasonably expended. *See Riveros*, 2015 WL 5897749, at *4. "An hourly rate is reasonable if it is 'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Id*. (citation omitted). The federal court in Maryland uses Appendix B to the Local Rules as a reference to the rates "that are presumptively reasonable for lodestar calculations." *Id*. "Plaintiffs should also provide all documentation necessary for the Court to make a lodestar

determination as to the hours reasonably expended, including but not limited to declarations establishing the hours expended by counsel, broken down for each task." *Id*.

In assessing reasonableness, the Fourth Circuit has instructed district courts to also consider certain factors, including:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Saman*, 2013 WL 2949047, at *6-7 (citing *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n. 28 (4th Cir. 1978)).

The Court finds that Plaintiffs' counsel has carried their burden of proving that the attorney's fees and costs requested are reasonable. Under the Settlement Agreement, Plaintiffs' counsel would receive $7,472.20 out of which $7,000.00 represents attorney's fees and $472.20 represents costs incurred. ECF No. 16-2, 2-3. According to the declaration submitted by one of Plaintiffs' counsel, Mary Craine Lombardo, counsel employed 30.20 hours on this case, which included time spent on case development and administration, pleadings, motions practice, settlement, and preparing the fee petition. ECF No. 19-1, 2. The Court finds that the time and labor counsel employed in this case was reasonable. The Court finds that the legal issues in this case were not particularly novel or difficult. The Court finds that Plaintiffs' counsel had the required skill, experience, and preparation to properly perform the legal services rendered in this case. Ms. Lombardo, the lead attorney on this case, has over sixteen years of experience as a practicing attorney and has handled numerous employment, and wage and hour cases. Jonathan

F. Lieberman, who also has over sixteen years of experience as a practicing attorney, has handed numerous employment and wage and hour cases.  The Court also finds that counsel obtained good results for Plaintiffs.

The fee charged by Plaintiffs' counsel was not within the range set forth in Appendix B to the Court's Local rules.  Ms. Lombardo and Mr. Lieberman, attorneys who have over sixteen years of experience, charged an hourly rate of $420 and $440.  *See* ECF. 19-1, 6.  According to Appendix B, the maximum hourly rate an attorney with sixteen years of experience should charge is $425.  Eduardo Garcia, an attorney with two years of experience, charged an hourly rate of $295 and $310.  According to Appendix B, the maximum hourly rate an attorney with less than five years of experience should charge is $225.  Natalia Prado, a paralegal, charged an hourly rate of $160 and $175.  According to Appendix B, the maximum hourly rate paralegals should charge is $150.  However, even if the hourly rate was not within the range in Appendix B, the Court finds that the attorney's fees requested were reasonable because counsel substantially discounted the fee amount.  As counsel represents, at counsel's hourly rates, the total fees amount to $12,593.50. Supplemental Memorandum, 4.  If the Appendix B rates would have been applied, the total fees amount to $11,198.  *Id*.  As part of the settlement agreement, counsel is only requesting $7,000 in attorney's fees.  The Court finds that this substantial discount in the fee amount resolves the issue that counsel charged fees higher than those found in Appendix B.

The Court also finds that Plaintiffs are seeking reimbursement for reasonable and minimal costs.  As Plaintiffs' counsel represents, the $477.20 amount represents a filing fee ($400), the process server's fee ($75), and minimal mail and copy charges.

### III. Conclusion

For the foregoing reasons, the Court vacates the denial without prejudice and **GRANTS** the Joint Motion.

July 15, 2016                                                              /s/
                                                                    Charles B. Day
                                                                    United States Magistrate Judge

CBD/yv